Joel R. Weiner (SBN 139446)
joel.weiner@kattenlaw.com
Jarin R. Jackson (SBN 274031)
jarin.jackson@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendants
Seth MacFarlane; Fuzzy Door Productions, Inc.; Media Rights Capital II, L.P.; MRC II Distribution Company L.P.; Thunder Buddies, LLC; Universal Pictures, a division of Universal City Studios LLC; Universal Studios Home Entertainment LLC; Universal City Studios LLC incorrectly sued as Universal City Studios, LLLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENGAL MANGLE PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SETH MACFARLANE; FUZZY DOOR PRODUCTIONS, INC.; MEDIA RIGHTS CAPITAL II, L.P.; MRC II DISTRIBUTION COMPANY, L.P.; THUNDER BUDDIES, LLC; UNIVERSAL PICTURES; UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC; UNIVERSAL CITY STUDIOS, LLLP; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-5498<br><br>**ANSWER TO COMPLAINT BY SETH MACFARLANE AND FUZZY DOOR PRODUCTIONS, INC.**<br><br>Complaint filed: July 15, 2014 |

ANSWER TO COMPLAINT

101214617v3

Seth MacFarlane and Fuzzy Door Productions, Inc. (together, the "Answering Defendants"), through counsel, answer the Complaint filed by the Plaintiff Bengal Mangle Productions, LLC ("Plaintiff") as follows:

**JURISDICTION AND VENUE**

1.　Answering Paragraph 1, Answering Defendants admit that Plaintiff's Complaint alleges a claim that purports to arise under the Copyright Laws of the United States, and that upon information and belief, this Court has subject matter jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1338 and 1331.

2.　Answering Paragraph 2, Answering Defendants admit that, upon information and belief, venue is proper in this district. Except as admitted, the allegations of Paragraph 2 are denied.

3.　Paragraph 3 is denied.

**PARTIES**

4.　Answering Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 4 and thus deny the same.

5.　Answering Paragraph 5, Answering Defendants admit that Defendant Seth MacFarlane resides in the County of Los Angeles.

6.　Answering Paragraph 6, Answering Defendants admit that Defendant Fuzzy Door Productions, Inc. is a California corporation located in the County of Los Angeles, California.

7.　Answering Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 7 and thus deny the same.

8.　Answering Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 8 and thus deny the same.

9.　Answering Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 9 and thus deny the same.

10. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 10 and thus deny the same.

11. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 11 and thus deny the same.

12. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 12 and thus deny the same.

13. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 13 and thus deny the same.

## BACKGROUND FACTS

14. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 and thus deny the same.

15. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 and thus deny the same.

16. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 and thus deny the same.

17. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 and thus deny the same.

18. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 and thus deny the same.

19. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 and thus deny the same.

20. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20 and thus deny the same.

21. Answering Paragraph 21, Answering Defendants admit that the film *Ted* was theatrically released in the United States and certain other countries on or about June 29, 2012, that Answering Defendants were involved in the writing and production of *Ted*, and that Universal Pictures was involved in distributing *Ted*. Except as admitted, the allegations of Paragraph 21 are denied.

22. Answering Paragraph 22, Answering Defendants deny that the Ted character is strikingly or substantially similar to the Charlie character, deny access to Charlie and deny that Defendant MacFarlane was an active participant on FunnyorDie.com in 2009. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and thus deny the same.

23. Paragraph 23 is denied.

24. Answering Paragraph 24, Answering Defendants admit that *Ted* was theatrically released in the United States and certain other countries on or around June 29, 2012, and on DVD and Blu-Ray disc in the United States on or around December 11, 2012. Except as admitted, the allegations of Paragraph 24 are denied.

25. Paragraph 25 and each of its subparts are denied. Answering Defendants specifically deny that the character Ted is an unlawful copy of Charlie.

26. Answering Paragraph 26, Answering Defendants admit on information and belief that Defendants participated in and contributed in various ways to the exploitation of *Ted* and the Ted character. Except as admitted, the allegations of Paragraph 26 are denied.

27. Answering Paragraph 27, Answering Defendants admit that Defendants have earned money as a result of *Ted* and the Ted character, *Ted* and the Ted character continue to be exploited, and a sequel to *Ted* is anticipated to be released in 2015. Except as admitted, the allegations of Paragraph 27 are denied.

28. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 and thus deny the same.

29. Answering Paragraph 29, Answering Defendants admit that that they did not seek or obtain permission to use, and did not use, the Charlie character. Except as admitted, the allegations of Paragraph 29 are denied.

## FIRST CLAIM

## Copyright Infringement

30. Answering Defendants' answers to Paragraphs 1 through 29 are realleged and incorporated by reference herein.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

1. Plaintiff is not entitled to recover under its claim because its Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
## (Independent Creation)

2. The Plaintiff's claim is barred because the character Ted, upon which the Plaintiff's claim is based, was conceived, created, and developed independently of Plaintiff and without the use or copying of any characters, concepts, or expression allegedly created by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
## (Lack of Similarity)

3. The Plaintiff's claim is barred because there is no actionable similarity between the characters Charlie and Ted.

## FOURTH AFFIRMATIVE DEFENSE
## (Non-Protectability)

4. To the extent any elements of the Charlie character allegedly also appear in the character Ted or the film *Ted*, which Answering Defendants expressly deny, Plaintiff is not entitled to relief because such elements are mere ideas, *scenes a faire*, or other material that is not protected by the copyright laws of the United States.

## FIFTH AFFIRMATIVE DEFENSE
## (First Amendment)

5. Plaintiff is barred from obtaining any relief under its claim by the First Amendment to the Constitution of the United States of America and Article I § 2(a) of the Constitution of the State of California.

### SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

6. To the extent any elements of the Charlie character also appear in the character Ted or the film *Ted*, which Answering Defendants expressly deny, Plaintiff is not entitled to relief under the doctrine of fair use.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

7. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including as set forth in 17 U.S.C. § 507(b).

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

8. Plaintiff is barred from obtaining any relief under its claim because it knowingly and voluntarily waived the rights it now attempts to assert.

### NINTH AFFIRMATIVE DEFENSE
### (Laches)

9. Plaintiff is barred from obtaining any relief under its claim by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

10. Plaintiff's recovery is limited or barred by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

12. Plaintiff's recovery is limited or barred due to its failure to mitigate its damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Apportionment)

13. Any purported damages sought by Plaintiff in the form of Defendants' profits must be apportioned based on the percentage of profits attributable to the alleged infringing work.

## RESERVATION OF RIGHTS

Answering Defendants expressly reserve their right to allege additional affirmative defenses after conducting further discovery and analysis.

## PRAYER FOR RELIEF

**WHEREFORE**, Answering Defendants respectfully request that:

1. Plaintiff have and recover nothing from them;

2. Judgment be entered in favor of Answering Defendants and against Plaintiff;

3. Answering Defendants be awarded their costs and reasonable attorneys' fees; and

4. The Court award all other relief that the Court deems just and proper.

DATED: September 15, 2014

KATTEN MUCHIN ROSENMAN LLP
Joel R. Weiner
Jarin R. Jackson

By:/s/ Joel R. Weiner
    Joel R. Weiner
Attorneys for Defendants
Seth MacFarlane; Fuzzy Door Productions, Inc.; Media Rights Capital II, L.P.; MRC II Distribution Company L.P.; Thunder Buddies, LLC; Universal Pictures, a division of Universal City Studios LLC; Universal Studios Home Entertainment LLC; Universal City Studios LLC incorrectly sued as Universal City Studios, LLLP