Neville L. Johnson (SBN 66329)
Douglas L. Johnson (SBN 209216)
Nicholas A. Kurtz (SBN 232705)
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:   (310) 975-1080
Facsimile:    (310) 975-1095
Email:        njohnson@jjllplaw.com
              djohnson@jjllplaw.com
              nkurtz@jjllplaw.com

Attorneys for Plaintiff,
BENGAL MANGLE PRODUCTIONS, LLC

*Additional counsel listed in signature blocks*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENGAL MANGLE PRODUCTIONS, LLC, | Case No.: 2:14-cv-5498-PA-JC |
| Plaintiff, | JOINT FRCP RULE 26(f) REPORT [L.R. 26-1] |
| vs. | Scheduling Conference |
| SETH MACFARLANE; FUZZY DOOR PRODUCTIONS, INC.; MEDIA RIGHTS CAPITAL II, L.P.; MRC II DISTRIBUTION COMPANY, L.P.; THUNDER BUDDIES, LLC; UNIVERSAL PICTURES; UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC; UNIVERSAL CITY STUDIOS, LLLP; and DOES 1-10, inclusive, | Date:         November 3, 2014<br>Time:         10:30 a.m.<br>Location:     Courtroom 15 - Spring St.<br><br>Hon. Percy Anderson<br>Magistrate Judge Jacqueline Chooljian |
| Defendants. | |

1

1    Pursuant to the Court's September 15, 2014 Order, counsel for Plaintiff and

2 Defendants have conferred on the matters required by Federal Rules of Civil

3 Procedure Rule 26(f), Local Rule 26-1, and the matters contained in the Court's

4 Order.  The parties now report to the Court on the following matters:

5 **I.      STATEMENTS OF THE CASE**

6        A. Plaintiff's Statement

7    This is an action for copyright infringement arising out of Defendants'

8 unlawful misappropriation of Plaintiff's character named Charlie from Plaintiff's

9 television series *Acting School Academy*, *Charlie the Abusive Teddy Bear*.

10 Defendants produced and exploited their motion picture titled *Ted*, including

11 character named Ted, infringing upon Plaintiff's rights.  Defendants' actions have

12 caused irreparable harm to Plaintiff's rights, as well as substantial monetary

13 damages in an amount to be determined at trial.

14    Plaintiff does not anticipate amending its Complaint at this time.  Plaintiff

15 anticipates propounding at least one set of written discovery upon Defendants and

16 issuing subpoenas to relevant third parties for the production of documents.

17 Plaintiff also anticipates conducting the depositions of Defendant Seth MacFarlane

18 and the employees of the other Defendants most knowledgeable about Defendants'

19 production and exploitation of their motion picture titled *Ted*.  Plaintiff anticipates

20 that written discovery and non-expert depositions will be completed within 12

21 months.  Aside from potential discovery motions, Plaintiff does not anticipate any

22 law and motion matters.

23        B. Defendants' Statement

24    Plaintiff's Complaint alleges that Defendants' 2012 hit motion picture *Ted*,

25 which features an anthropomorphic teddy bear named Ted, infringes a teddy bear

26 character named Charlie in Plaintiff's web series *Charlie the Abusive Teddy Bear*

27 posted on the Internet.  Plaintiff's claim is wholly without merit.  The undisputed

28 facts will demonstrate that the story for *Ted*, including the teddy bear character, was

2

1  independently created by Seth MacFarlane, an accomplished writer, producer,

2  animator and performer, as reflected in a screenplay written by Mr. MacFarlane and

3  his co-writers.  The independent creation of Ted is itself dispositive of the

4  infringement claim.  The undisputed facts will additionally demonstrate that

5  Plaintiff cannot establish access and substantial similarity of protected expression

6  required by Ninth Circuit standards to assert a copyright claim.

7  Defendants intend to file a motion for summary judgment upon completion

8  of discovery concerning the creation of the two works at issue.  If granted, the

9  motion for summary judgment will dispose of the single claim for copyright

10  infringement in its entirety, ending the case.  As such, damages discovery, which is

11  extremely burdensome and costly in a film of this magnitude and involves issues

12  completely independent of liability, should be deferred and/or phased to commence

13  after a ruling on the motion for summary judgment, as is common in cases of this

14  nature to avoid unnecessary burdens and expenditure of judicial resources.

15  **II.      RELEVANT PROCEDURAL HISTORY**

16  The Complaint was filed on July 15, 2014.  Defendants waived issues with

17  service and filed their Answers on September 15, 2014.

18  **III.     POSSIBILITY OF PROMPT SETTLEMENT OR RESOLUTION**

19  **OF THE PARTIES' RESPECTIVE CLAIMS AND SELECTION OF**

20  **SETTLEMENT PROCEDURE[Rule 26(f); Local Rules 16-15, 26-**

21  **1(c)]**

22  ADR PROCEDURE NO. 3 - The parties elect to participate in a private

23  dispute resolution proceeding.

24  **IV.     ISSUES TO BE DETERMINED BY MOTION**

25  1.  **Plaintiff's statement:** Aside from potential discovery motions,

26  Plaintiff does not anticipate any law and motion matters.

27  2.  **Defendants' statement:**  Defendants intend to file a motion for

28  summary judgment.  The undisputed facts will demonstrate: (a) that

1  Defendants' Ted character was independently created, without any
2  reference to or copying of Plaintiff's bear character; (b) there is no
3  substantial similarity of protected expression between the two
4  characters under Ninth Circuit standards, including, among other
5  reasons, because Plaintiff's character is not sufficiently delineated
6  to support Plaintiff's claims of infringement and because the
7  characters are materially different; and (c) that the creator of the
8  Ted character had no access to Plaintiff's character in connection
9  with the creative process.  Each of these elements is an independent
10  defense to a claim of copyright infringement and is properly
11  decided on a motion for summary judgment.

12  **V.    PROPOSED DISCOVERY PLAN [Rule 26(f)]**

13  A. <u>Initial Disclosures</u>:

14  The parties agree to serve/exchange their Rule 26(a) initial disclosures on or
15  before November 21, 2014.

16  B. <u>Subjects of Discovery</u>: The parties anticipate that the subjects of
17  discovery will include, but not necessarily be limited to, the following:

18  1. **Plaintiff's statement:** Plaintiff anticipates discovery relating to
19  Defendants' participation in the development of the concept,
20  plot, characters, themes, setting, mood, pace, dialogue, and
21  sequence of events of the motion picture titled *Ted*; Defendants'
22  access to *Acting School Academy*, *Charlie the Abusive Teddy Bear*,
23  and Bengal Mangle's character named Charlie; Defendants'
24  preparation of the script and other written materials relating to the
25  motion picture titled *Ted*; production of the motion picture titled
26  *Ted*; exploitation of the motion picture titled *Ted*; profits realized in
27  connection with the motion picture titled *Ted*.

28  2. **Defendants' statement:**  Defendants anticipate discovery relating

US_101620878v4_333999-00013 10/20/2014 6:36 PM

to the creation, development and dissemination of Plaintiff's bear character named Charlie in scripts and other writings; as he appeared in Plaintiff's Internet web series entitled *Charlie the Abusive Teddy Bear*; as he allegedly appeared in Plaintiff's *Acting School Academy*; and with regard to the various social media (various websites, twitter, Facebook, etc.) in which the Charlie character allegedly appeared or was referred to.  Defendants also anticipate discovery on allegations in the Complaint regarding access to Plaintiff's character and alleged similarities.  Discovery will include requests for production of documents, interrogatories and requests for admission directed to Plaintiff; third-party subpoenas directed to persons associated with the creation and dissemination of the Charlie character; and depositions of Plaintiff, its owners and employees, and those associated with the creation and/or dissemination of the Charlie character (including, without limitation, Laura Peterson, Marty Dewitt, Mo Darwiche, Ian Smith, Krishan Sharma and Michael Mayorga).

C. Proposed Discovery Schedule [Rule 26(f)(3)(B)]: See the parties' respective proposed schedules below.

D. Phases of Discovery [Rule 26(f)(3)(B)]:

   1. **Plaintiff's statement:** Plaintiff does not agree to bifurcate discovery and defer damages discovery.  For one thing, to maximize chance of a settlement - if there is any chance - it requires knowledge of the financial information.  Additionally, doing two rounds of discovery invites artificial issues that will increase costs and burdens on all parties.

   2. **Defendants' statement:**  Plaintiff claims it is entitled to a portion of the profits on a film it alleges grossed $550,000,000 (Complaint,

¶¶ 28, 36).  Given the costs, burdens and discrete issues associated with copyright damages discovery on a film of this magnitude and the many complexities (multiple parties, multiple revenue streams, production expenses, distribution expenses, allocation/causation, experts, and many other issues), Defendants request that damages discovery be phased and deferred until after completion of liability discovery and a ruling on Defendants' motion for summary judgment.  If granted, the motion for summary judgment will dispose of the case in its entirety without the need for extensive damages discovery, damages experts, motions, and the like. Deferring damages discovery is common in cases of this nature to avoid unnecessary burdens and expenditure of judicial resources.

E.  Issues Regarding Disclosure or Discovery of ESI [Rule 26(f)(3)(C)]

The parties have discussed electronic discovery and will have further discussions as the scope and nature of document discovery becomes clearer.

F.  Issues Relating to Claims of Privilege or of Protection as Trial-Preparation Material [Rule 26(f)(3)(D)]

1.  **Plaintiff's statement:** Plaintiff is amenable to a protective order.

2.  **Defendants' statement:**  Defendants request entry of a protective order in this matter governing the confidentiality of discovery, on both liability and damages.  Discovery in this case will involve disclosure of sensitive commercial information including competitive contractual and financial terms and data; confidential procedures for the creation and development of entertainment products; and creative materials that are confidential and/or potentially subject to piracy.

///

G. <u>What Changes Should be Made to the Limitations on Discovery [Rule 26(f)(3)(E)]</u>

    1. **Plaintiff's statement:** Plaintiff does not believe any changes are necessary to those limitations of discovery imposed by the FRCP.

    2. **Defendants' statement:** Defendants propose that discovery be conducted in two phases, with liability discovery proceeding first, followed by damages discovery if needed, as set forth in Defendants' proposed schedule below.

H. <u>What Orders Should be Entered by the Court [Rule 26(f)(3)(F)]</u>

The parties do not know of any additional orders to be entered by the Court at this time.

## VI.   NON-COMPLEX CASE [Local Rule 26-1(a)]

The parties have agreed that this case is not complex and that none of the procedures of the Manual For Complex Litigation (current edition) should be utilized.

## VII.   MOTION SCHEDULE [Local Rule 26-1(b)]

See the proposed schedules below.

## VIII.   TRIAL ESTIMATE [Local Rule 26-1(d)]

A. <u>Plaintiff's statement:</u> Plaintiff requests a jury trial.  Plaintiff estimates that trial, not including jury selection, will be five (5) to ten (10) days. Plaintiff reserves the right to reconsider the length of trial following discovery.  Plaintiff believes that severance, bifurcation, or other special ordering of proof will not be necessary in this case.

B. <u>Defendants' statement:</u>  Defendants' estimate that trial, not including jury selection, will be approximately seven (7) to ten (10) days for liability, plus three (3) to five (5) days for damages if necessary. Defendants reserve the right to reconsider the length of trial following discovery.  Defendants may request that the liability phase proceed

7

before and separate from the damages phase of the trial.

**IX.   ADDITIONAL PARTIES [Local Rule 26-1(e)]**

   A. <u>Plaintiff's statement:</u> Plaintiff does not anticipate adding any additional Defendants at this time.

   B. <u>Defendants' statement:</u>  Defendants do not anticipate adding any additional parties at this time.

**X.   EXPERT WITNESS DISCLOSURES [Local Rule 26-1(f)]**

   See the proposed schedules below for proposed deadlines.

**XI.   OTHER ISSUES**

   <u>Plaintiff's statement:</u>  Plaintiff does not anticipate any other issues affecting the status or management of the case.  There are no related cases or proceedings pending before another judge of this Court or other court or administrative body.

   <u>Defendants' statement:</u>  Several Defendants, including Mr. MacFarlane, are currently actively engaged in the production of a major motion picture being filmed out of state and have limited availability for the next several months.  Principal photography is scheduled to conclude in mid to late November and thereafter Mr. MacFarlane will be involved in intensive director editing.

**XII.   SCHEDULING**

   A. <u>Plaintiff's proposed schedule:</u> Plaintiff's proposed schedule does not bifurcate discovery and anticipates that written discovery and non-expert depositions will be completed within 12 months, with a trial date approximately 18 months after the filing of the Complaint.

| Matter | Weeks Before Trial | Plaintiff's Requested Date |
|---|---|---|
| **Trial (jury)**<br>**Estimated Length: 5-10 days** | | January 25, 2016 |
| **Pretrial Conference** | 2 | January 11, 2016 |

JOINT FRCP RULE 26(f) REPORT

US_101620878v4_333999-00013 10/20/2014 6:36 PM

| | | |
|---|---|---|
| **Last Day for Hearing Motions** | 8 | November 30, 2015 |
| **Discovery Cut-Off** | 10 | November 16, 2015 |
| **Expert Witness Disclosure Cutoff** | 12 | November 2, 2015 |
| **Last Day to Amend Pleadings or Add Parties** | | December 12, 2014 |
| **Initial Disclosures Due (per stipulation)** | | November 21, 2014 |

### B. Defendants' proposed schedule:

Defendants' proposed schedule takes into account the nature of the copyright infringement claim in this case; that Defendants intend to seek summary judgment following liability discovery; that Plaintiff claims it is entitled to a portion of the profits on a film it alleges grossed $550,000,000; and that, as discussed in more detail above, damages discovery should be deferred until after completion of liability discovery and a ruling on Defendants' motion for summary judgment in the interests of justice and judicial economy.  Defendants' proposed schedule will likely resolve the case sooner than Plaintiff's schedule if summary judgment is granted.  Also, a reasonable time is needed for document investigations and discovery before depositions, and persons Plaintiff seeks to depose (and from whom Plaintiff intends to request discovery) are executives, writers, directors, producers and/or performers involved with ongoing projects and commitments that warrant reasonable scheduling accommodations.  Defendants' proposed schedule is similar to schedules approved in other similar cases in this district.

| Matter | Weeks Before Trial | Defendants' Requested Date |
|---|---|---|
| **Initial Disclosures Due (per stipulation)** | | November 21, 2014 |

9

| | | |
|---|---|---|
| **Last Day to Amend Pleadings or Add Parties** | | December 12, 2014 |
| **Liability Expert Witness Disclosure (initial)** | | April 22, 2015 |
| **Liability Expert Witness Disclosure (rebuttal)** | | May 20, 2015 |
| **Hearing on Motion for Summary Judgment** | | July 20, 2015 |
| **Damages Discovery Commencement** | | August 10, 2015 |
| **Damages Expert Witness Disclosure (initial)** | | November 15, 2015 |
| **Damages Expert Witness Disclosure (rebuttal)** | | December 15, 2015 |
| **Discovery Cut-Off (Liability and Damages)** | 10 | January 18, 2016 |
| **Last Day for Hearing Motions** | 8 | February 1, 2016 |
| **Pretrial Conference** | 2 | March 14, 2016 |
| **Trial (jury)** **Estimated Length: 7-10 days liability, 3-5 days damages** | | March 28, 2016 |

DATED: October 20, 2014     By     /s/ Nicholas A. Kurtz

Neville L. Johnson
Douglas L. Johnson
Nicholas A. Kurtz
JOHNSON & JOHNSON LLP
-and-
Thomas V. Girardi
Howard B. Miller
Lauren Horowitz
GIRARDI | KEESE

Attorneys for Plaintiff, BENGAL
MANGLE PRODUCTIONS, LLC

/s/ Joel R. Weiner

Joel R. Weiner
KATTEN MUCHIN ROSENMAN LLP
Attorneys for Defendants

JOINT FRCP RULE 26(f) REPORT
US_101620878v4_333999-00013 10/20/2014 6:36 PM